UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIAM MISIEWICZ,

Case No. 2:14-cv-00133-APG-PAL

*Petitioner*,

**ORDER**

vs.

DWIGHT D. NEVENS, *et al.*,

*Respondents.*

This habeas action by a Nevada state inmate comes before the Court on its *sua sponte* inquiry into whether the petition is subject to dismissal without prejudice because none of the claims therein have been exhausted in the state courts through to the Supreme Court of Nevada. This order follows upon a prior show-cause order (Doc. #2) and petitioner's response (Doc. #3) thereto.

***Background***

Petitioner William Misiewicz seeks to challenge a parole denial.

Petitioner maintains that he exhausted the claims in the federal petition in an original petition for a writ of mandamus filed in the Supreme Court of Nevada on August 27, 2013, under No. 63886. The court denied the petition on October 16, 2013, on the following basis:

> This is a proper person petition for a writ of mandamus. Petitioner claims he was wrongly denied parole and seeks an order directing the parole board to release him from prison. We have reviewed the documents submitted in this matter, and without deciding upon the merits of any claims, we decline to exercise original jurisdiction in this matter. NRS 34.160; NRS 34.170. Accordingly, we

1    ORDER the petitioner DENIED.

2    *See* Doc. #1, at electronic docketing page 13.  The court denied rehearing on December 13,

3    2013.  *Id.*, at 15.

4    Petitioner does not rely upon any other proceeding to establish exhaustion of his

5    claims, including in his show-cause response.  The online dockets of the state courts do not

6    reflect that he has pursued other proceedings presenting the claims through to a decision on

7    the merits by the state high court.

8    ***Governing Law***

9    The Court may raise issues of exhaustion *sua sponte*.  *See, e.g., Aiken v. Spalding*,

10   841 F.2d 881, 883 (9th Cir. 1988).  Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first

11   must exhaust his state court remedies on a claim before presenting that claim to the federal

12   courts.  To satisfy this exhaustion requirement, the claim must have been fairly presented to

13   the state courts completely through to the highest court available, in this case the Supreme

14   Court of Nevada.  *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*);

15   *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must

16   refer to the specific federal constitutional guarantee and must also state the facts that entitle

17   the petitioner to relief on the federal constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d

18   983, 987 (9th Cir. 2000).  That is, fair presentation requires that the petitioner present the state

19   courts with both the operative facts and the federal legal theory upon which his claim is based.

20   *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement

21   insures that the state courts, as a matter of federal-state comity, will have the first opportunity

22   to pass upon and correct alleged violations of federal constitutional guarantees.  *See, e.g.,*

23   *Coleman v. Thompson*, 501 U.S. 722, 731(1991).  A petition that is completely unexhausted

24   is subject to immediate dismissal.  *See, e.g., Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.

25   2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

26   ***Discussion***

27   Petitioner, again, relies exclusively on his original petition in the state supreme court

28   in No. 63886 as the basis for exhaustion of his claims.  He contends that the court reviewed

-2-

1   the merits, the clear statement in its order to the contrary notwithstanding.  He further urges
2   that his claims are exhausted so long as the state supreme court had "an opportunity" to
3   consider the claims.

4          Long established law compels the rejection of petitioner's argument.  A claim is not
5   fairly presented and is not exhausted when a petitioner fails to present the claim in state
6   district court under state post-conviction procedures or in another appropriate procedural
7   vehicle but instead pursues the claim in an original petition to the state's high court seeking
8   to invoke an extraordinary discretionary jurisdiction.  *See, e.g., Ex parte Hawk*, 321 U.S. 114,
9   116 (1944); *Sweet v. Cupp*, 640 F.2d 233, 238 (9th Cir. 1981).  *Accord Lindquist v. Gardner*,
10  770 F.2d 876 (9th Cir. 1985).  *See also Castille v. Peoples*, 489 U.S. 346,
11  351(1989)(presenting a claim in a procedural context in which the merits of the claim will not
12  be considered, or will be considered only in special circumstances, does not constitute fair
13  presentation of the claim); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(applying
14  *Castille* rule to filing of original writ in state high court).

15         In the present case, the state supreme court expressly and unambiguously both
16  declined to exercise its original jurisdiction over the extraordinary petition and stated that it had
17  not decided the merits of any claim in the petition.  The petition therefore did not exhaust any
18  claims.

19         Petitioner relies upon state constitutional provisions giving the state supreme court
20  jurisdiction over an original petition and the holding in *Blair v. Crawford*, 275 F.3d 1156 (9th Cir.
21  2002), that such a petition in the state supreme court is "properly filed."  However, *Blair* held
22  only that an original habeas petition filed in the Supreme Court of Nevada constitutes a
23  "properly filed" petition for purposes of tolling of the federal limitation period under 28 U.S.C.
24  § 2244(d)(2).  The question of whether a petition was "properly filed" for purposes of tolling
25  the limitation period is a distinct and different question, however, from the question of whether
26  the petition also fairly presented claims to the state courts for purposes of exhaustion.  *Blair*
27  did not hold that the original petition exhausted the claims.  Long established Supreme Court
28  and Ninth Circuit law instead leads to the conclusion that the petition in this case did not.

1    Petitioner's *pro se* status further does not excuse him from complying with the

2    exhaustion requirement.[1]

3    **IT THEREFORE IS ORDERED** that the petition shall be **DISMISSED** without prejudice

4    for lack of exhaustion.

5    **IT FURTHER IS ORDERED** that a certificate of appealability is **DENIED**.  Jurists of

6    reason would not find the dismissal of the wholly unexhausted federal petition without

7    prejudice to be debatable or wrong, for the reasons discussed herein.  In the present case,

8    the state supreme court expressly and unambiguously both declined to exercise its original

9    jurisdiction over the extraordinary petition and stated that it had not decided the merits of any

10   claim in the petition.  Under established law, when a state supreme court uses such clear and

11   unambiguous language in declining to exercise an extraordinary original jurisdiction, the

12   original writ petition exhausts no federal claims.

13   The Clerk of Court shall enter final judgment accordingly, dismissing this action without

14   prejudice.

15   DATED:  February 14, 2014.

16

17

18   _____
     ANDREW P. GORDON
     United States District Judge

19

20

21

22

23

24

25

26

27

28   _____
     [1]The Court notes in passing that the basis for the dismissal ordered herein is the same basis stated in the show-cause order, *i.e.*, that the original writ petition did not exhaust any claims.

-4-